UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G MEMO VERA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KERN COUNTY SUPERIOR COURT PSYCH'S,<br><br>　　　　　Respondent. | Case No. 1:24-cv-01332-CDB (HC)<br><br>**FIRST SCREENING ORDER**<br><br>**30-DAY DEADLINE**<br><br>(Doc. 1) |

　　　Petitioner G. Memo Vera ("Petitioner"), a state prisoner, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). A preliminary screening of the petition reveals it fails to name a proper respondent and fails to state a cognizable claim. However, the Court concludes Petitioner should be allowed an opportunity to file an amended petition to correct these deficiencies, to the extent he can do so in good faith.

**Background**

　　　Petitioner filed his petition for writ of habeas corpus on October 31, 2024, using the standard form for § 2254 petitions. (Doc. 1). However, many of Petitioner's responses are confusing and unclear. For instance, rather than indicating the length of his sentence or the nature of the offenses involved, Petitioner lists "Fraudulent Diagnostics" and "Exonerated in the furtherance of Justice." (*Id.* at 1). As to his first ground for relief, Petitioner lists "Fraud upon the Court 18 U.S.C.S. § 1621, Pen.

Code § 118, Cal. Bus & Prof. Code § 4805." (*Id.* at 4). As supporting facts, Petitioner states:

> Psych Gary Longwith made a report *per fraudem* page 9 line 12-19. Remedies Exhausted page 11 line 19-20 Subject matter jurisdiction page 10 line 10-12 False Accusation page 14 line 7-9, Sanction Filed page 16 Dr.'s Opinion contrary to CDCDr. pag 18, Complaint with the Psych Board. pag 19, the Fraudulent Scheme page 21. *Bus & Prof. Code* § 6411(a)(c)(d)(e) Cal. Civ. Code § 1624(b)(1)(B)(I)(3)(D).

(*Id.*). Petitioner's additional three grounds for relief are similarly unclear but include vague assertions of fraud by correctional officers and "psych" professionals. (*Id.* at 4-5). Attached to the petition are multiple exhibits, including a copy of a California Supreme Court order denying Petitioner's petition for review on habeas corpus; various letters and filings addressed to the state courts; psychological evaluations; and documents concerning prison grievance appeals. (*Id.* at 7-43).

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. Habeas corpus petitions by pro se petitioners are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4; *see Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Rule 4). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Allegations in a petition that are vague, conclusory, palpably incredible, or patently frivolous are subject to summary dismissal. *Hendricks*, 908 F.2d at 491. A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**Discussion**

As an initial matter, Petitioner failed to name a proper respondent. A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition. Habeas Rule 2(a); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). "Typically, this person is the warden of the facility in which the petitioner is incarcerated." *Ortiz-Sandoval*, 81 F.3d at 894.

1  Alternatively, the Habeas Rules indicate "the chief officer in charge of state penal institutions" may
2  also be considered a proper respondent. *Id.* (citing Habeas Rule 2(a) advisory committee notes).
3  "Failure to name the proper respondent strips the district court of personal jurisdiction." *Sky v. Stolc*,
4  497 F. App'x 696, 696 (9th Cir. 2012) (citing *Ortiz-Sandoval*, 81 F.3d at 894). Here, Petitioner has
5  named the Kern County Superior Court Psych's rather than the officer having custody of him. Thus,
6  Petitioner has failed to name a proper respondent, and this failure deprives the Court of personal
7  jurisdiction. *Sky*, 497 F. App'x at 696.

8  Further, Petitioner fails to state a cognizable federal habeas claim. Federal habeas relief is only
9  warranted when a state prisoner is "in custody in violation of the Constitution or laws or treaties of the
10 United States." 28 U.S.C. § 2254. Having reviewed the petition and all the attachments, the
11 undersigned is unable to discern what, if any, argument Petitioner is attempting to raise as to why his
12 confinement violates federal law. Petitioner appears to challenge institutional procedures and
13 psychological evaluations without any indication of how such have impacted the length of his
14 confinement. Accordingly, he has failed to state a cognizable federal habeas claim and the petition is
15 subject to dismissal.

16 However, because it is not clear that Petitioner cannot correct these deficiencies, Petitioner will
17 be granted an opportunity to file an amended petition. Petitioner is advised that he should caption his
18 pleading "First Amended Petition" and should use the instant case number. Petitioner is further
19 advised that pursuant to Local Rule 220, the First Amended Petition must be "complete in itself"
20 without reference to the initial petition. Failure to comply with this order will result in a
21 recommendation that this action be dismissed.

22 **Conclusion and Order**

23 For the reasons discussed, Petitioner's petition for writ of habeas corpus is deficient and
24 subject to dismissal. However, Petitioner will be granted an opportunity to file an amended petition
25 addressing the deficiencies to the extent he can do so in good faith. *See* Fed. R. Civ. P. 15(a) (leave to
26 amend shall be freely given when justice so requires).
27 ///
28

In the alternative to filing an amended petition, if Petitioner wishes to stand on his petition as screened, he shall file a request to stand on the petition, in which event the undersigned will recommend the petition be dismissed due to the deficiencies noted above.

Accordingly, it is **ORDERED**:

1. The Clerk of the Court is DIRECTED to send Petitioner a blank copy of the form Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody; and
2. Petitioner is GRANTED **30 days** from the date of service of this order to file either a first amended petition or a request to stand on the petition as screened.

IT IS SO ORDERED.

Dated:  **August 11, 2025**

UNITED STATES MAGISTRATE JUDGE

4