UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. MEMO VERA, | Case No. 1:24-cv-01332-CDB (HC) |
| Petitioner, | ORDER GRANTING PETITIONER'S THIRD MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| KERN COUNTY SUPERIOR COURT PSYCH'S, | (Doc. 10) |
| Respondent. | **March 2, 2026, Deadline** |

Petitioner G. Memo Vera ("Petitioner") is a state prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On August 11, 2025, the undersigned conducted a preliminary screening of the petition and found that the petition failed to name a proper respondent and failed to state a cognizable claim. (Doc. 4). Accordingly, Petitioner was ordered to file an amended petition or a request to stand on the petition as screened within 30 days of service of the order. *Id.* at 4. On September 8, 2025, and October 23, 2025, the Court granted Petitioner's motions for extensions of time and the operative deadline for Petitioner to respond to the Court's screening order is January 12, 2026. (Docs. 7, 9).

Pending before the Court is Petitioner's third motion for a 40-day extension to file an amended petition, filed on January 12, 2026. (Doc. 10). In the motion, Petitioner declares that "cancellation of

1

time sessions in the library have continuously occurred due to program disruptions [and] holidays." *Id.* at 3. Petitioner declares that "[t]he computer data bases have been down." *Id.*

Petitioner now has had more than four months to respond to the Court's screening order, either with the filing of an amended petition or a notice of intention to stand on the petition as screened. As the Court found in its screening order, Petitioner appears to challenge institutional procedures and psychological evaluations without any indication of how such have impacted the length of Petitioner's confinement. *See* (Doc. 4 at 3). Thus, it is unclear how the circumstances Petitioner asserts warrant a further extension of time – that library sessions have been interrupted, and computer databases have been temporarily inaccessible – materially undermine Petitioner's ability to respond to the screening order by curing the identified deficiency: specifically, addressing how the challenged institutional procedures and psychological evaluations impacted the length of Petitioner's confinement.

Based on Petitioner's representation, the Court finds good cause to grant the requested extension. However, the undersigned admonishes Petitioner that <u>no further extensions of the deadline will be granted</u> absent a timely request for extension in which Petitioner demonstrates extraordinary circumstances prevent Petitioner from responding to the Court's screening order.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Petitioner's Third Motion for Extension of Time (Doc. 10) is GRANTED. Petitioner shall file by **March 2, 2026,** either a first amended petition or a request to stand on the petition as screened.

IT IS SO ORDERED.

Dated:  **January 14, 2026**  _____

UNITED STATES MAGISTRATE JUDGE

2