UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G MEMO VERA,<br><br>             Petitioner,<br><br>    v.<br><br>RAFAEL ACEVES, warden, Richard J.<br>Donovan Correctional Facility,<br><br>            Respondent. | Case No. 1:24-cv-01332-CDB (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**21-DAY DEADLINE**<br><br>(Doc. 12)<br><br><u>Clerk of the Court to Assign U.S. District Judge</u> |

Petitioner G. Memo Vera ("Petitioner"), a state prisoner, proceeds pro se and *in forma pauperis* with a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 12). A preliminary screening of the original petition revealed it failed to name a proper respondent and failed to state a cognizable claim. (Doc. 4). The Court granted Petitioner an opportunity to file an amended petition to correct these deficiencies, and after several extensions of time, Petitioner filed the operative first amended petition on February 26, 2026. (Doc. 12).

**<u>Background</u>**

In 1997, Petitioner was convicted after a jury trial of first-degree murder and assault with great bodily injury and a deadly weapon, with prior conviction allegations. *See People v. Vera*, No. F086383, 2024 WL 3337785, at *1 (Cal. App. 5th Dist. July 9, 2024). The trial court granted Petitioner's motion to reduce the first-degree murder conviction to second-degree murder, and

imposed the second strike term of 12 years plus 30 years to life. *Id.* In 2024, the appellate court affirmed the trial court's denial of Petitioner's motion for resentencing. *Id.* Based on a review of the California Incarcerated Records and Information Search (CIRIS) online tool using Petitioner's first and last name and CDCR number, Petitioner was denied parole during a suitability hearing on September 26, 2024, and is next eligible for a parole suitability hearing in September 2031.[1]

According to records attached to Petitioner's first amended petition (*see* Doc. 12 at 10) and information available through the website of the Kern County Superior Court[2], while serving the sentence imposed for his second-degree murder and assault convictions, on February 17, 2021, Petitioner was charged in Kern County Superior Court case number DF015853A ("Case DF015853A") with assault and battery by a prisoner on a non-prisoner. The four claims Petitioner asserts in his first amended petition relate to conduct that occurred during and in connection with Case DF015853A.

In his first habeas claim, titled "Collateral Consequences Fraud Upon The Courts," Petitioner alleges a psychologist "and others" in Case DF015853A "fabricated several psychological diagnostics" that a parole board psychologist used to "counterfeit a comprehensive risk assessment." In his second habeas claim, titled "Fraud," he alleges psychologist Michael Musaco "perpetrated fraud upon the court." In connection with this claim, Petitioner attaches to his first amended petition (1) an affidavit in which he refers to the Kern County Superior Court trial judge presiding over Case DF015853A as having appointed Dr. Musaco in relation to that prosecution and having made false statements in his reports to the court (Doc. 12 at 21-23), and (2) two reports of Dr. Musaco provided to the trial court containing the statements Petitioner alleges are false (*id*. at 27-34). In the third and fourth habeas claims, titled "Constructive Fraud," Petitioner alleges generally that certain correctional staff took adverse actions against him based on the allegedly fraudulent documents referenced in his

---

[1] *See Daniels-Hall v. Nat'l Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein.").

[2] https://portal.kern.courts.ca.gov/?q=Home (last accessed June 5, 2026, using Case No. DF015853A).

first two habeas claims.

According to records attached to Petitioner's first amended petition (*see* Doc. 12 at 10) and information available through the website of the Kern County Superior Court, Case DF015853A was dismissed in its entirety on November 7, 2023.

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  Habeas corpus petitions by pro se petitioners are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief."  Habeas Rule 4; *see Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Rule 4).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Allegations in a petition that are vague, conclusory, palpably incredible, or patently frivolous are subject to summary dismissal.  *Hendricks*, 908 F.2d at 491.  A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

"The Supreme Court has recognized that '[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871 ... 42 U.S.C. § 1983.'"  *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (quoting *Muhammad v. Close*, 540 U.S. 749, 750, (2004)).  "'Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.'"  *Id*. (quoting *Muhammad,* 540 U.S. at 750).

Section 2254 "applies not only to challenges to a conviction or sentence but also to challenges to the 'execution of a custodial sentence.'"  *Dominguez v. Kernan*, 906 F.3d 1127, 1136 (9th Cir. 2018) (quoting *Bailey v. Hill*, 599 F.3d 976, 982 (9th Cir. 2010)).  A challenge to the execution of a custodial sentence under Section 2254 "requires a nexus between 'the judgment of a State court' and

3

the 'custody' the petitioner contends is 'in violation of the Constitution or laws or treaties of the United States.'" *Id*. (quoting 28 U.S.C. § 2254). "What matters is that the custody complained of is attributable in some way to the underlying state court judgment." *Id*. at 1137.

**<u>Discussion</u>**

Regarding his first claim for relief, titled "Collateral Consequences Fraud Upon The Courts," Petitioner alleges a psychologist "and others" in Case DF015853A "fabricated several psychological diagnostics" that a parole board psychologist used to "counterfeit a comprehensive risk assessment." This does not state a claim cognizable in habeas corpus. Specifically, even if Petitioner is correct that the parole board relied on a defective medical report created in connection with Case DF015853A in its risk assessment of Petitioner's parole suitability, that "would not necessarily lead to immediate or speedier release" because "the expungement of the challenged [documents] would not necessarily lead to a grant of parole." *Nettles*, 830 F.3d at 934-35. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2004) (holding that a claim challenging procedures used to determine parole eligibility and suitability were not within "the core of habeas corpus" because such claim would not necessarily result in speedier release, but rather, at most, speedier consideration of a new application or a new parole hearing).

Like his first claim for relief, all of Petitioner's other habeas claims are based on alleged misconduct occurring during and in relation to Case DF015853A. But Case DF015853A was dismissed in its entirety on November 7, 2023, and Petitioner is not presently serving a custodial sentence in relation to that prosecution because no sentence was imposed. Thus, this Court lacks jurisdiction over Petitioner's claims. *E.g., Dominguez*, 906 F.3d at 1137 ("there is no nexus between Dominguez's now vacated judgment and the custody he contends violates the Double Jeopardy Clause. Because his pretrial detention is not attributable in any way to a state court judgment, his double jeopardy claim does not fall under § 2254.").

The undersigned considers whether Petitioner should be granted further leave to amend the petition. The Court previously granted Petitioner leave to amend his claims because the original petition did not clarify how the alleged unconstitutional conduct "impacted the length of his confinement." (Doc. 4 at 3). The first amended petition likewise suffers from this same infirmity. Moreover, although Petitioner clarified the nature of his claims in the first amended petition, as set

forth above, those claims are not within the core of habeas corpus. Accordingly, leave to amend would be futile because the claims cannot be made cognizable. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (acknowledging district court's discretion to decline to grant leave to amend where it determines that the pleading could not possibly be cured by the allegation of other facts).

The undersigned next considers whether to construe the first amended petition as bringing claims under 42 U.S.C. § 1983. There are distinct differences between habeas corpus petitions and prisoner civil rights actions, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings. *Nettles*, 830 F.3d at 936 (citing *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011) & *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)). "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Id.* (quoting *Glaus*, 408 F.3d at 388).

The undersigned concludes that dismissal as opposed to conversion is the proper course of action in this instance. Petitioner names the warden of his facility of incarceration as the respondent in this matter, as opposed to any of the individuals he alleges were responsible for creating fictitious documents and committing fraud on the court. Thus, it is likely in any § 1983 action, Petitioner would need to revise his allegations and/or name different or additional parties. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Further, it is unclear whether and the extent to which Petitioner would be entitled to the injunctive relief he seeks (expungement of allegedly fraudulent documents, *see* Doc. 12 at 4) in a § 1983 action. Thus, dismissal as opposed to conversion is appropriate.

**Certificate of Appealability**

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application." *Miller-El v. Cockell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing § 2254 Cases requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will issue "only if

5

the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing for claims rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the district was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a claim is rejected on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a certificate of appealability.  *Id*.

Here, reasonable jurists would not find the determination that the first amended petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further.  Therefore, the undersigned recommends that the Court decline to issue a certificate of appealability.

**Conclusion and Order**

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a U.S. district judge.

For the reasons set forth above, it is HEREBY RECOMMENDED:

1. The first amended petition for writ of habeas corpus (Doc. 12) be DISMISSED.

2. Petitioner be denied a certificate of appealability.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within **21 days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the 15-page limitation may be disregarded by the presiding district judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's

order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 5, 2026**

UNITED STATES MAGISTRATE JUDGE